IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:19-CR-00395-D-2

| UNITED STATES OF AMERICA | : | |
| --- | --- | --- |
| | : | |
| v. | : | PRELIMINARY ORDER |
| | : | OF FORFEITURE |
| DEANDRE EARP | : | |
| a/k/a "DRE LOC" | : | |

WHEREAS, the above-named defendant has pleaded guilty without the benefit of a written plea agreement to Counts One, Two, Five, Six and Eight of the Second Superseding Indictment, charging the defendant with offenses in violation of 18 U.S.C. § 1959(a)(5), 21 U.S.C. §§ 841(a)(1), and 846;

AND WHEREAS, the government has filed a motion for entry of a Preliminary Order of Forfeiture, showing unto the Court: that each item of property constitutes, or is derived from, proceeds obtained, directly or indirectly, as a result of the offenses to which he pled guilty, and/or was used or intended to be used to commit or facilitate the commission of the offenses to which he pleaded guilty, and is thereby subject to forfeiture pursuant to 21 U.S.C. § 853(a); that each firearm and ammunition was involved in or used in the offenses to which he pleaded guilty, or was in the defendant's possession or immediate control at the time of arrest, and is therefore subject to forfeiture pursuant to 18 U.S.C. § 924(d)(1) and/or 18 U.S.C. § 3665; and that the defendant individually, or in combination with one or more co-defendants, has or had an ownership, beneficial, possessory, or other legal interest in and/or

1

exercised dominion and control over each item of property that is subject to forfeiture herein;

NOW, THEREFORE, based upon the defendant's guilty plea, the points and authorities in the government's motion, and all of the evidence of record in this case, the Court FINDS as fact and CONCLUDES as a matter of law that there is a nexus between each item of property listed below and the offenses to which the defendant has pleaded guilty, and that the defendant (or any combination of defendants in this case) has or had an interest in the property to be forfeited,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. The following property is forfeited to the United States pursuant to Fed. R. Crim. P. 32.2(b)(2), 18 U.S.C. § 853(a), 18 U.S.C. §§ 924(a) and/or 3665:

   Personal Property:

   a) A SCCY CPX-2 9mm pistol bearing serial number 483770;

   b) A Ruger P89 9mm pistol bearing serial number 31538760; and

   c) Any and all ammunition.

2. Pursuant to Fed. R. Crim. P. 32.2(b)(3), the U.S. Attorney General, Secretary of the Treasury, Secretary of Homeland Security, or a designee is authorized to seize, inventory, and otherwise maintain custody and control of the property, whether held by the defendant or by a third-party. **Any person who knowingly destroys, damages, wastes, disposes of, transfers, or otherwise takes any action with respect to the property, or attempts to do so, for the purpose of preventing or impairing the Government's lawful authority to**

2

**take such property into its custody or control or to continue holding such property under its lawful custody and control, may be subject to criminal prosecution pursuant to 18 U.S.C. § 2232(a).**

3. Pursuant to Fed. R. Crim. P. 32.2(b)(3) and 32.2(c)(1)(B), the United States is authorized to conduct any discovery pursuant to the applicable Federal Rules of Civil Procedure needed to identify, locate, or dispose of the above-referenced property, or other substitute assets, including depositions, interrogatories, requests for production of documents and for admission, and the issuance of subpoenas.

4. If and to the extent required by Fed. R. Crim. P. 32.2(b)(6), 21 U.S.C. § 853(n), and/or other applicable law, the United States shall provide notice of this Order and of its intent to dispose of the specified real and/or personal property listed above, by publishing and sending notice in the same manner as in civil forfeiture cases, as provided in Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. The United States shall then file a Notice with the Court documenting for the record: (1) proof of publication, or the government's reliance on an exception to the publication requirement found in Supplemental Rule G(4)(a)(i); and (2) the government's efforts to send direct notice to all known potential third-party claimants in accordance with Supplemental Rule G(4)(b)(iii), or a representation that no other potential claimants are known to the government. This Order shall not take effect as the Court's Final Order of Forfeiture until an appropriate Notice has been filed and the time in which any third parties with notice of the forfeiture are permitted by law to file a petition has expired.

5. Any person other than the above-named defendant, having or claiming any legal interest in the subject property must, within 30 days of the final publication of notice or of receipt of actual notice, whichever is earlier, petition the Court to adjudicate the validity of the asserted interest pursuant to Fed. R. Crim. P. 32.2(c)(1) and 21 U.S.C. § 853(n)(2). The petition must be signed by the petitioner under penalty of perjury and shall set forth: the nature and extent of the petitioner's right, title, or interest in the subject property; the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property; any additional facts supporting the petitioner's claim; and the relief sought.

6. The United States shall serve this Order on all counsel of record for any co-defendant in this criminal matter. Such service shall constitute notice of the forfeiture to each co-defendant who has appeared in this case within the purview of Supplemental Rule G(4)(b)(iii)(B). **Any co-defendant who desires to preserve his/her right to contest the forfeiture of any of the property identified herein must, no later than 30 days after entry of this Order, file a valid petition pursuant to 21 U.S.C. § 853(n) and/or other appropriate objection as to why the forfeiture should not become final.** If no such filing is docketed within the allotted time, each non-objecting co-defendant shall be deemed to have waived any right to contest the forfeiture, this Order shall become a Final Order of Forfeiture as to the property without a separate Preliminary Order of Forfeiture being entered as to that co-defendant or incorporated into that co-defendant's

criminal judgment, and the rights of that co-defendant in the subject property, if any, shall be extinguished.

7. If one or more timely petitions are received by the Court, the Court will enter a separate scheduling order governing the conduct of any forfeiture ancillary proceedings under Fed. R. Crim. P. 32.2(c). Following the Court's disposition of all timely filed petitions, a Final Order of Forfeiture that amends this Order as necessary to account for any third-party rights shall be entered pursuant to Fed. R. Crim. P. 32.2(c)(2) and 21 U.S.C. § 853(n)(6). The receipt of a petition as to one or more specific items of property shall not delay this Order of Forfeiture from becoming final, in accordance with the following paragraph, as to any remaining property to which no petition has been filed.

8. If no third party files a timely petition, or if this Court denies and/or dismisses all third party petitions timely filed, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2), and the United States shall dispose of the property according to law, including without limitation liquidation by sale or any other commercially feasible means, destruction, and/or retention or transfer of an asset for official use. The United States shall have clear title to the property and may warrant good title to any subsequent purchaser or transferee pursuant to 21 U.S.C. § 853(n)(7). If any firearm or ammunition subject to this Order is in the physical custody of a state or local law enforcement agency at the time this Order is entered, the custodial agency is authorized to dispose of the

forfeited property by destruction or incapacitation in accordance with its regulations, when no longer needed as evidence.

9. Upon sentencing and issuance of the Judgment and Commitment Order, the Clerk of Court is DIRECTED to incorporate a reference to this Order of Forfeiture in the applicable section of the Judgment, as required by Fed. R. Crim. P. 32.2(b)(4)(B). In accordance with Fed. R. Crim. P. 32.2(b)(4)(A), this Order shall become final as to the defendant at sentencing.

10. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

SO ORDERED, this the 13 day of January, 2022.

_____
JAMES C. DEVER III
UNITED STATES DISTRICT JUDGE

6

Case 5:19-cr-00395-D   Document 873   Filed 01/13/22   Page 6 of 6